| | |
|---|---|
| T.E., individually and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) NATIONSBENEFITS, LLC, and ) NATIONSBENEFITS HOLDINGS, LLC, ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** is before the Court on the parties' Joint Motion to Transfer Venue. (Doc. No. 30). Having reviewed the motion and applicable law, the Court **GRANTS** the motion.

**I.     DISCUSSION**

Plaintiffs filed this case on May 20, 2023, against a number of defendants, including NationsBenefit, LLC, and NationsBenefit Holdings, LLC. Since filing, Plaintiffs have voluntarily dismissed all other defendants. Shortly before Plaintiffs filed this action, certain plaintiffs filed an analogous action against NationsBenefit Holding, LLC, in the United States District Court for the Southern District of Florida, and thirteen other plaintiffs or groups of plaintiffs followed with their own actions involving "substantially the same subject matter and parties." (Doc. No. 30). Those thirteen actions have been consolidated in the Southern District of Florida, and the parties seek to transfer this action there to be consolidated as well.

   **A.     First-Filed Rule**

When a lawsuit is filed in multiple forums, the Fourth Circuit generally adheres to the "first-filed" rule, which holds that "the first suit should have priority, absent the showing of [a]

1

balance of convenience in favor of the second action." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594–95 (4th Cir.2004) (quoting *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n. 2 (4th Cir.1974)). Multiple lawsuits are subject to the first-filed rule if "the same factual issues" provide the basis for each suit, and Courts applying the first-filed rule will dismiss, stay, or transfer a later-filed lawsuit in deference to an earlier-filed one. *See Allied–Gen. Nuclear Serv's v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n. 1 (4th Cir. 1982).

In determining whether to apply the first-filed rule, courts have recognized three factors: (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake. *See, e..g.*, *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622, 628 (9th Cir. 1991); *US Airways, Inc. v. US Airline Pilots Ass'n*, No. 3:11-CV-371-RJC-DCK, 2011 WL 3627698, at *2 (W.D.N.C. Aug. 17, 2011) (Conrad, J.). The first filed rule supports transfer of the instant case. Plaintiffs filed this action on May 20, 2023, several weeks after other plaintiffs filed a lawsuit on May 4, 2023, involving "substantially the same subject matter and parties." *See Skurauskis, et al. v. NationsBenefits Holdings, LLC, et al*., No. 0:23-cv-60830 (S.D. Fl. May 4, 2023). As an earlier action involving substantially the same parties and issues was filed in the Southern District of Florida, the Court finds the first-filed rule supports transfer.

### B. Exceptions to the First-Filed Rule

Having decided that the three factors of the first-filed rule are satisfied, this Court next considers whether the "balance of convenience" nevertheless warrants dispensing with the rule and litigating the Plaintiffs' claims in this forum. *See Volvo Contr. Equip. N. Am., Inc*., 386 F.3d at 584-95. Under this inquiry, the factors the Court considers are "essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Employers Ins. of Wasau v. Fox Entm't Group, Inc*., 522 F.3d 271, 275 (2d Cir. 2008).

Eleven general factors guide the Court's analysis of a motion to transfer venue: (1) the plaintiff's choice of forum; (2) the residence of the parties; (3) access to evidence; (4) the availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses; (5) the possibility of a view by the jury; (6) the enforceability of a judgment; (7) the relative advantages and obstacles to a fair trial; (8) practical issues affecting trial expediency and efficiency; (9) the relative court congestion between the districts; (10) the interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of conflict of laws. *Nutrition & Fitness, Inc. v. Blue Stuff, Inc*., 264 F. Supp. 2d 357, 362 (W.D.N.C. 2003) (citing *Jim Crockett Promotions, Inc. v. Action Media Group, Inc*., 751 F. Supp. 93, 96 (W.D.N.C.1990)). The Court affords these factors different weights based on its discretion. *Id.*

Applying these factors, this Court finds that the balance of convenience weighs in favor of the requested transfer. Though Plaintiffs originally filed in this district, Plaintiffs now wish to litigate this case in the Southern District of Florida, where the NationsBenefit is incorporated and where more than a dozen other similar cases are pending. Accordingly, factors one, two, three, and four favor transfer.

The parties do not address factors five or six in their Joint Motion, so the Court affords those factors no weight. The parties do, however, share information relevant to factors seven and eight – a trial in the Southern District of Florida would be fair, expedient, and efficient. The parties decline to address factors nine, ten, and eleven, but the Court gives weight to the parties' wish to consolidate this case with other similar cases already pending in the Southern District of Florida, and the Court notes that adjudication of similar cases together will conserve judicial resources and

3

promote efficiency in the Federal Courts. Therefore, the Court finds that the first-filed rule and a balance of convenience both favor transfer

**IT IS, THEREFORE, ORDERED**, that parties' Joint Motion to Transfer Venue, (Doc. No. 30), is **GRANTED** and this action is transferred to the United States District Court for the Southern District of Florida.

Signed: September 30, 2023

Robert J. Conrad, Jr.
United States District Judge